BROOKSIDE VENEERS, LTD., PLAINTIFF *v.* UNITED STATES,
DEFENDANT

Court No. 81-9-01305

Before CARMAN, *Judge.*

(Decided November 27, 1985)

*Stedina and Deem (Charles P. Deem* on the motion) for the defendant.
*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in
Charge, International Trade Field Office, Commercial Litigation Branch, Civil
Division (*Saul Davis* on the motion) for the defendant.

CARMAN, *Judge:* Defendant United States asks the Court to strike
the brief of plaintiff Brookside Veneers, Ltd. Plaintiff submitted the
brief to this Court in support of its action contesting defendant's
classification of imported merchandise. The parties submitted the
case to the Court on stipulated facts in lieu of trial. Defendant
objects to plaintiff's brief because the appendix contains materials
not stipulated as exhibits by the parties, and the arguments in the
brief rely on these materials. Defendant alternatively requests that,
if the Court does not strike plaintiff's brief, the Court allow
defendant to withdraw its stipulation and set a date for trial. It
appears to the Court that materials in plaintiff's brief may improper-
ly contradict or supplement the stipulated facts. The Court therefore
grants defendant's motion and directs that plaintiff's brief be
returned to plaintiff, and further directs plaintiff to file a new brief
with the Court which does not contain materials that contradict or
supplement the stipulated facts.

BACKGROUND

The United States Customs Service (Customs) has classified
plaintiff's merchandise as "articles not specially provided for, of
wood," under item 207.00 of the Tariff Schedules of the United
States (TSUS), while plaintiff contends it should be classified as
"wood veneers," under item 240.03 of the TSUS. The parties
stipulated to a number of facts concerning the production and use of
plaintiff's merchandise. In addition, they stipulated to eight Collec-
tive Exhibits, including such things as trade publications and
samples of plaintiff's merchandise and other merchandise. When
plaintiff submitted its brief in the case, the brief contained an
appendix comprised of the following material:

T.D. 39453
C.I.E.—188/48
C.I.E.—288/50
T.D. 52536(1)
Tariff Classification Study
Plaintiff's Letter to Senator Bradley
H.R. 6975
Senate Report No. 96–999
Hearings before Committee on Ways and Means on H.R. 6975
Letter from Senator Bradley to Plaintiff
Letter from Customs to Senator Bradley

Defendant has two grounds for objecting to plaintiff's brief. The first involves the nature of stipulations and the second involves the posture of this action before the Court. First, parties are bound by stipulations and may not introduce testimony that tends to establish facts *contrary* to those stipulated. *H.A. Whitacre, Inc.* v. *United States,* 22 CCPA 623, 630, T.D. 47615 (1935). To the extent that the materials in plaintiff's brief tend to contradict any of the stipulated facts, they have been improperly presented to the Court.

Second, this case is before the Court on a stipulation of facts in lieu of trial. The stipulation functions as the trial transcript, and the parties' briefs are akin to post-trial briefs. In reaching its decision, a trial court may not consider evidence not properly offered or received. *R.C. Williams & Co., Inc.* v. *United States,* 26 CCPA 210, 217–18, C.A.D. 19 (1938). Such evidence is not a part of the trial record. *See id.* Here the stipulated facts and agreed upon exhibits constitute the entire trial record. When the court renders a decision on stipulated facts in lieu of trial, evidence outside the stipulation is not properly before the Court. If plaintiff in its brief has included any supplemental evidence, not otherwise cognizable by the Court, then the Court may not consider that evidence.

Although the court's rules do not specifically provide for striking a brief, this Court has ruled that it is appropriate to strike improper portions of briefs. *See Application of Harrington,* 55 CCPA 1459 (Patents), 392 F.2d 653 (1968). In *Harrington,* the court declined to strike a brief that allegedly contained "improper allegations" and "vituperative statements." The court there apparently viewed the challenged portions as legitimate arguments on behalf of the appellee. By contrast, in *Dreyfus* v. *Lilinfeld,* 18 CCPA 1526 (Patents), 49 F.2d 1055 (1931), one of the parties referred to and quoted from proceedings at the administrative level that were not a part of the record. The court there wholly disregarded the objectionable matter and considered only what was properly in the record. The court stated:

> Had the full extent of counsel's offending in this regard been earlier known to us, we should have felt constrained to strike

the entire briefs and require the filing of new ones properly limited.

49 F.2d at 1062.

In this case, it appears that plaintiff has presented evidence which may improperly contradict or supplement the stipulation. To ensure defendant the full protection of the rules of this court regarding stipulations and the introduction of evidence at trial, the Court grants defendant's motion and orders that plaintiff's brief be returned and that plaintiff file a new brief with the court within 30 days of the date of the entry of this order which does not contain materials that contradict or supplement the stipulated facts.